**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT CLYDE MCMILLEN, 1822252,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-855-D** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.       Nature of the Case**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID").  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of the TDCJ-CID.

**II.      Procedural Background**

Petitioner does not challenge the validity of his underlying conviction and sentence. Rather, he challenges disciplinary proceeding number 20130131054.  He states the proceeding violated his due process rights because he received insufficient notice of the charges, he was not allowed to call witnesses, and was not provided a counsel substitute.  As a result of the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

proceedings, Petitioner lost forty-five days of commissary and recreation privileges, his visitation privileges were suspended and he spent one day in solitary confinement.  (Disciplinary Record at 3.)

On June 24, 2013, Respondent filed his answer.  On July 9, 2013, Petitioner filed a reply. The Court finds the petition should be denied.

**III.**     **Discussion**

**1.**     **Exhaustion**

Respondent argues the petition should be dismissed because Petitioner failed to exhaust administrative remedies.  Petitioner states he attempted to exhaust his administrative remedies numerous times, but that each Step 1 grievance he filed was returned to him as noncompliant. His last grievance was returned because he did not file a compliant grievance within the authorized time period.  Although a petition may be dismissed for a failure to exhaust state remedies, a federal court may also address § 2254 claims and deny those claims on the merits. *See* 28 U.S.C. § 2254(b)(2).  The Court therefore considers the merits of Petitioner's claims.

**2.**     **Claims**

Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

In this case, Petitioner did not lose any good time credits.  He lost only commissary, recreation and visiting privileges.   These claims do not implicate a protected liberty interest.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Hinojosa v. Thaler*, 2011 WL 2183310 at *2 (5th Cir. June 6, 2011) (same). Petitioner also claims he lost custody status.  A reduction in custody status, however, does not implicate due process.  *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns).  Petitioner's claims should be denied.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 28th  day of January, 2014.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).